UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FIRST BAPTIST CHURCH OF KENNER | * | CIVIL ACTION NO. 23-2858 |
| | * | |
| | * | SECTION: "I"(1) |
| VERSUS | * | |
| | * | JUDGE LANCE M. AFRICK |
| | * | |
| SAFEPOINT INSURANCE COMPANY | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

This is a Hurricane Ida property damage case. Before the Court is the insured's Motion to Compel (Rec. Doc. 28). After the filing of the Motion, the insurer produced its discovery responses. Although this arguably moots the Motion to Compel, because the insurer's responses contain improper general/boilerplate objections and fail to indicate whether documents have been withheld, the Court overrules the general objections and will require the insurer to serve supplemental responses specifying whether any documents are being withheld and explaining the basis for any withholding with specificity within 14 days. The Motion to Compel is GRANTED.

Background

First Baptist Church of Kenner (the "Church") initiated this lawsuit against Safepoint Insurance Company on July 28, 2023. After participation in the Court's Streamlined Settlement Program, the matter was returned to this Court's docket in June 2025. A scheduling order was issued setting trial for February 2, 2026. The deadline to complete discovery is November 4, 2025. The Church's expert reports are due on September 19, 2025.

The Church served the discovery requests presently at issue on July 10, 2025. When Safepoint did not timely respond, the Church requested a conference to discuss, as required by Federal Rule of Civil Procedure 37. At the August 15, 2025, conference, SafePoint requested a

1

seven day extension, but the Church denied the request because SafePoint would not agree to waive all of its objections. On August 18, 2025, the Church filed the present motion. On August 22, 2025, SafePoint responded to the discovery requests.

SafePoint contends the Motion to Compel is moot. The Church argues that SafePoint's objections were waived when it failed to timely respond and that SafePoint has not shown good cause for its failure. It argues further that SafePoint's general and boilerplate objections are improper. It asks this Court to deem all non-privilege objections waived and order objection-free supplementation within 10 days along with a privilege log.

<u>Law and Analysis</u>

1. *Discovery Standards*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u>

Black letter law requires "[t]he grounds for objecting to an interrogatory must be stated with specificity." <u>Id.</u> R. 33 (b)(4). Similarly, the Federal Rules of Civil Procedure require that objections to requests for production of documents be stated "with specificity." <u>Id.</u> R. 34(b)(2)(B). Additionally, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." <u>Id.</u> R. 34(b)(2)(C).

"General, boilerplate, unsupported objections that fail to state their grounds with specificity are improper and result in waiver of those objections." <u>Lee v. Aramark Facility Servs., LLC</u>, No. CV 20-2049, 2021 WL 6070448, at *3 (E.D. La. July 15, 2021). "An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request." <u>Weatherspoon v. 739 Iberville, LLC</u>, No. CV 21-0225, 2022 WL 824618, at *5 (E.D. La. Mar. 18, 2022).

2. *Analysis*

SafePoint's discovery responses begin with a list of 13 "General Objections." They state things like "SafePoint objects to these discovery request as they are interposed for an improper purpose" and that it objects that the discovery requests seek "information protected under the attorney client privilege, attorney work product doctrine, or as documents prepared in anticipation of litigation." SafePoint does not indicate which particular request (or which part of the response to any particular request) is implicated by which of the 13 objections. Each of its discovery responses begins with the statement "See General Objections." This does not render the objections specific. The "General Objections" wholly fail to meet the specificity required by the Rules. They are hereby overruled.

Some of SafePoint's discovery responses also raise objections such as "overly broad and unduly burdensome" without explaining why the request is overbroad (what irrelevant information does it implicate?) or what burden SafePoint would undergo if required to respond. <u>See</u>, <u>e.g.</u>, Resp. to Interrogatories 2, 3, 4, 5; Resp. to Requests for Production 9, 10, 14, 15. A number of SafePoint's responses indicate that responsive documents are being produced "[s]ubject to and without waiving said objection." But the Rules require that a party specify if documents are being withheld,

which is unclear from SafePoint's vague response.[1] In some cases, Safepoint indicates it is continuing to search for responsive documents. Although Safepoint's duty to supplement its responses is ongoing, it must complete its diligent search.

Rather than holding all of SafePoint's non-privilege objections overruled as the Church requests, however, the Court will require SafePoint to revise its responses to specify whether any documents are being withheld. If so, SafePoint will revise its objections to explain their basis with specificity. To the extent SafePoint is withholding documents on the basis of privilege, it must produce a privilege log or otherwise meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) (requiring that privilege objections be made expressly and that the nature of the documents be described).

<u>Conclusion</u>

For the foregoing reasons, the Church's Motion to Compel is GRANTED. Within 14 days, SafePoint shall complete its search for responsive documents and shall revise and supplement its discovery responses as stated herein.

New Orleans, Louisiana, this 5th day of September, 2025.

Janis van Meerveld
United States Magistrate Judge

---

[1] In responses, SafePoint indicates that it is not producing documents that have already been produced by the Church. This explanation is sufficient to the extent no other documents are being withheld.